The amended bill calls upon the defendants for a discovery and account of the rents and profits, and that they may be decreed to deliver up possession of the land in order that it may be sold.
The case made by the bill is in substance as follows: John Phillips died in 1784, having made his last will, in which he gave all his estate to his wife during her widowhood, for her support and that of his children, with direction that each of them should have a certain portion of the personalty as they married or arrived at full age. On the death or marriage of his wife, he directs that the land shall be sold by his executors and the money arising from it to be equally divided among his sons who shall then be living, or the heirs of their bodies, in case either of them shall have died before the said sale, leaving lawful issue.
Sarah, the widow, died in 1806, unmarried, at which time there was no son of the testator living, nor the issue of any, except Pasey, the wife of Parmentier, the complainant, Jordan Phillips, William Phillips, Eaton Phillips, and John Phillips, who are all the heirs and representatives of Henry Phillips, one of the sons of John, the testator.
Henry Phillips, in the lifetime of his mother, Sarah, and without having a right, conveyed the land to Frederick Phillips, who, *Page 228 
(295) together with the other defendants, viz., Hart, Jones, and Bell, were in possession when the bill was filed.
All the executors appointed in the will of John Phillips have died without leaving executors.
To this bill there was a demurrer on the ground that if the complainants have the right they pretend, they may assert it at law, by the action of ejectment.
The twofold object of this bill is to effect an execution of the trust in the sale of the land, which has been prevented by the death of all John Phillips' executors, in order that the proceeds may be divided amongst the complainants, and to call the defendants to an account for the rents and profits of the land. And we are of opinion that for both these purposes the suit is rightly instituted in this Court.
It seems to have been long established as a rule of this Court that when a person enters upon the estate of an infant, and continues the possession, equity will consider such person as a guardian to the infant, and will decree an account against him, and will even carry on such account after the infancy is determined. Even in those cases where the title is purely legal, and the complainant is put to his election to proceed at law or in this Court, where the bill is filed for the land and the mesne profits, he may proceed at law for the possession and in equity on the account; because at law he can recover the mesne profits only from the time of entry laid in the declaration. The authorities which relate to this point are, 1 Atk., 489; 3 Atk., 130; 1 Ch. Rep., 49; 2 P. Wil., 645; Pr. in Ch., 252; 1 Vern., 296.
Demurrer overruled.
(296)